## M'Ginnis *against* Noble.

A vendee who has received his deed and given bonds for the payment of the purchase money, before they become due suffers the land to be sold by the sheriff for the payment of encumbrances which existed before he purchased, and he becomes the purchaser. Held, that although his purchase money was not due when he purchased at the sheriff's sale, yet in an action to recover it he has a defence only *to the amount of the money paid to the sheriff* in discharge of the incumbrances.

ERROR to the District Court of *Allegheny* county.

David Noble, for use of Lippincott & White, against Edward M'Ginnis. This was an action of debt upon two bonds conditioned for the payment of $1500. The plaintiff, on the 13th June 1840, conveyed to the defendant a tract of land and took the two bonds in suit, which were payable in two and three years after date, for the purchase money. At the time of the sale there were judgments encumbering the land to the amount of $750, upon which executions were subsequently issued and levied upon the land in possession of the vendee, and it was sold by the sheriff on the 16th July 1841 to the defendant for the sum of $750. This the defendant set up as defence to the payment of his bonds, contending that there was a *total failure of consideration* of the bonds, and that the plaintiff was not entitled to recover.

GRIER (President) instructed the jury that the failure of consideration was only to the amount of the purchase money paid by the defendant to the sheriff in discharge of the encumbrances, and that the plaintiff was entitled to recover the balance. This instruction was the subject of the error assigned.

*Mahon* and *Forward,* for plaintiff in error, cited 5 *Whart.* 27–37.

*Loomis,* contra, cited 1 *Serg. & Rawle* 442; 5 *Serg. & Rawle* 203; 16 *Serg. & Rawle* 261; 13 *Serg. & Rawle* 165; 3 *Johns.* 472; 7 *Johns.* 376.

The opinion of the Court was delivered by

ROGERS, J.—On the trial various points were made, which in the argument here have been properly abandoned. It is conceded

[M'Ginnis v. Noble.]

that the assignee stands in no better situation than the assignor, and that the defendant is entitled to a defence against the payment of the bond. The difference is as to the amount of the deduction. The defendant contends the consideration has wholly failed. On the other hand, the plaintiff insists it has failed in part only, viz., to the amount actually paid by the defendant, who was the sheriff's vendor. The facts on which this point arises are briefly these. David Noble sold a tract of land to Edward M'Ginnis, the defendant, for $3000, to be paid in future instalments, of which the bonds in suit (afterwards assigned to Lippincott & White) constituted a part. At the time of the sale, the land was encumbered with judgments to the amount of $700, on which proceedings were had, a levy made on the land sold by Noble to M'Ginnis, and sale made in due course of law, by the sheriff. Edward M'Ginnis, the defendant's vendee, became the purchaser for the sum of $750. When the property was sold by the sheriff, none of the purchase money was due, so that, unlike the case of *Harper* v. *Jeffries*, (5 *Whart.* 30), there was no money in the hands of the vendee applicable to the payment of the lien. The question then arises, to what extent has the vendee a defence; for $750, the sum paid, or has he a defence, as for a total failure of consideration? The effect of the latter view will be, that a property for which, by the agreement, he is to give $3000, he obtains title to for $750 only, a result hardly reconcileable with any principle of equity. The defence, it must be remembered, is purely equitable, and the inquiry is, what would a chancellor do under such circumstances; on what terms and to what extent would he afford equitable relief? It strikes me most forcibly, that all the vendee has a right to require, is to be placed in the same situation he would be in had he paid the encumbrances without suit; and in that case, it must be admitted, the measure of equitable relief would be precisely the money paid and the necessary expenses, and no more. The vendee, it is true, is in no default, because no part of the purchase money was then due, and consequently, he was not *bound* to pay the encumbrances, as he had nothing in hand to pay them with. He might, therefore, it is admitted, have suffered the land to be sold with a clear conscience, and if, at the sale by a judicial process, a stranger had purchased, no blame would be imputable to him, the defence would go to the whole consideration; for a man is not bound to pay for what he has not received. The bonds are given for the purchase money of the land, and having lost the land, without any default of his own, it would be inequitable and unjust that he should be compelled to pay any part of the purchase money. But will equity interpose further than for the purpose of protecting him against any loss he may have actually sustained? We think not. The vendee cannot justly complain that he is not permitted to obtain title to land for $750, for which he agreed to give $3000. In both cases, a

[M'Ginnis v. Noble.]

court of equity relieves to the extent of the vendee's loss, viz., to the amount of $750 in one case, and for the whole consideration in the other. The failure of consideration is total in the one case and *pro tanto* in the other. Evenhanded justice requires that while on the one hand he is not suffered to lose, on the other he shall not be allowed to gain anything by the sale. He was, I repeat, not bound to purchase, but as he has chosen to do so, he must be content with a deduction from the purchase money of the amount actually paid, with a reasonable allowance for expenses incurred in the extinguishment of the incumbrances; for to that extent he is injured and no more. The defendant has less reason to complain, because although he may not have had actual notice, yet he had constructive notice of the existence of the liens at the time he made the purchase.

Judgment affirmed.