## Parke *against* Chadwick.

In an action founded upon a covenant of warranty of title in a deed of conveyance, it is competent for the defendant to prove that the deed, though absolute on its face, was executed and delivered as collateral security for the payment of a debt to a third person, and that the plaintiff had no real interest in the title. The fact of his having obtained the title without the payment of the purchase money is sufficient to put the plaintiff upon inquiry as to the circumstances under which the deed was made to him.

ERROR to the District Court of *Allegheny* county.

John E. Parke against James Chadwick. This was an action of covenant founded upon a warranty of title contained in deed of conveyance by the defendant to the plaintiff. It appeared that Solomon Schoyer, from whom James Chadwick had purchased the property, had previously given a mortgage upon it to William M'Fadden, by whom it was sued, judgment obtained, and the property sold by the sheriff. This was the plaintiff's case. The matters of defence are fully stated in the opinion of the court.

*Miller*, for plaintiff in error, cited 1 *Beam's Rep.* 518.

*Biddle* and *Dunlop*, contra, cited 8 *Watts*, 363; 19 *Johns.* 69; 2 *Serg. & Rawle*, 526; 2 *Watts*, 324; 5 *Watts*, 30; 3 *Bin.* 305; 3 *Watts & Serg.* 384; 6 *Watts*, 126; 7 *Watts*, 167. 267; 15 *Peters*, 94; 2 *Vern.* 384; 5 *Watts*, 308; 4 *Bin.* 140; 2 *Penn. Rep.* 92; 10 *Watts*, 67; 2 *Vern.* 609; 10 *Peters*, 211; 12 *Vern.* 11; 7 *Watts*, 296.

[Parke v. Chadwick.]

The opinion of the Court was delivered by

Huston, J.—The testimony presented the following facts. James Church was a creditor of R. N. Havens by sundry transactions and liabilities to a large amount. To satisfy these, Havens gave to Church two bills on George Johnson for $1000 each, and a note of said Johnson for $3600. An article of agreement was executed on 27th Sept. 1839, between Church and Havens, by which it was stated that James Chadwick had that day conveyed to John E. Parke, at the instance of Church, a lot of ground in Allegheny city (describing it)—" The object of said conveyance to Parke being to secure me (Church) in the collection of certain bills of exchange for $1000 each, and a note for $3600, all drawn on George Johnson, and which have been or are to be conveyed to me by R. N. Havens; and for the security of which, said Havens is to procure to me a mortgage from said Johnson on his interest in Caroline Furnace, &c. Know all men, that I, the said Church, do engage to use all diligent and lawful means for the present collection of said bills and notes; and if I shall succeed in obtaining from the said Johnson, either peaceably or by legal means, the amount thereof, I will then cause an immediate re-transfer of the property so conveyed to me by said Chadwick, to him, his heirs and assigns. And if I collect any part of said bills and note of said Johnson from him, then on payment (by the said Chadwick) of the balance which I may be unable to collect, I will cause an immediate re-transfer of the property as aforesaid. In witness, &c."

It was then proved that Parke was not present, and knew nothing of the transaction; that Havens' offer to give the note and bills was not accepted unless he would give collateral security in this county, in case the money could not be collected, and Chadwick was offered as such security; that Church requested that the deed should not be made to him, as he was somewhat involved, and judgments might be had against him, so that he might not be able to re-transfer clear of liens, and named his brother-in-law Parke as a safe person to whom the deed should be made, and who could and would return it unencumbered; that Chadwick had no dealings or transactions with Parke than as above stated.

The plaintiff offered and was permitted to prove that Church was at that time indebted to Parke, and contracted a further debt on the same 27th Sept. 1839. The deed from Chadwick to Parke was in the common form; the consideration stated in it was $5000 in hand paid by John E. Parke. The admission of the articles of 27th Sept. 1839, and the proof of what passed and was stated at the time they were entered into and the deed given were objected to, and cases cited to prove that a deed cannot be contradicted, &c. &c., and that no fraud was alleged.

The objection to the evidence and to the effect of it is the same thing; for whatever will amount to a good defence to the plaintiff's

[Parke v. Chadwick.]

claim may always be given in evidence. The objection to the effect of this evidence will then be considered in the cause as settling the question of its admissibility.

The court were requested to charge on fifteen points, the whole of which amounted to but these; can the whole of the contracts, whether in one or more papers, be received in evidence to reach the justice of the case? is it necessary that the word *fraud* or *fraudulently* should appear in the pleadings, if the facts set out show a gross fraud in the transaction, or in the use made of writings, which are attempted to be used contrary to what was the agreement of the parties? and was the court right in submitting it to the jury, whether a deed brought to Parke, stating that he had paid $5000, when he had paid nothing, and that deed from a man with whom he had no previous dealings, was sufficient to put him on inquiry?

There was no error in the admission of the evidence, nor in the charge of the court. A man has notice of all facts of which his agent has notice. Parke had nothing to do with the procurement of this deed to him. Church procured it. When Parke accepted it, he adopted the acts of him who procured it; he treated it as if Church had been his agent through the whole transaction. In another point of view; a deed is brought to him for a valuable property containing a receipt for $5000, paid by him to a stranger; every lawyer and layman would say at once, this was so novel a matter as to put him on inquiry to know how this happened, and his inquiry must go further than to ask of Church.

It is not worth while to inquire whether this fraud was intended when Church proposed to have the deed made to Parke; it is as much a fraud to obtain a paper for one purpose, and use it for a different and unfair purpose, as to obtain it by fraudulent statements. This is the familiar case of lending money and taking an absolute deed as security, and then denying that it was a security, and claiming it to be an absolute deed. The principle is the same; this deed was obtained on the one side and given on the other for a particular purpose, and to be followed by a re-transfer on certain events; those events were to be obtained by the acts of Church; he does nothing; does not attempt to do anything; originally, or afterwards, he intends to do an act of gross injustice, and to shelter himself and his brother-in-law, by what he supposes to be rules of evidence and of law; which rules are only applicable to fair transactions, and to protect men from perjury and falsehood, but would be sadly misapplied to screen iniquity and imposition. Parke can in no point of view be considered a purchaser without notice. It would be misspent time to cite cases or to go into reasoning to prove that there was enough to put him on inquiry, or that what is sufficient to put him on inquiry, is equivalent to actual notice. I mean to confine this to the immediate papers and transaction. I do not say he was bound to follow and

[Parke v. Chadwick.]

inquire of the title through several prior owners, which is only necessary where the deed which he receives on its face suggests such inquiry; here the deed to himself called for such inquiry, and for how and why Chadwick made a deed to him, containing a receipt for $5000; he knew this had not been paid; he took the deed as the act of Church for his use, and is bound, as Church would have been, if the deed had been made to him and was still his.

Judgment affirmed.