# Martin and Monroe *versus* Berens.

1. B. leased premises to M. for six years, the rent payable quarterly, M. to make all improvements, &c., and "to do the rebuilding in case of any accident whatever * * * to keep the premises in repair at his own expense.

67　459
132　42

67　459
142　287

67　459
157　196

67　459
177　369

67　459
194　133
194　588

67　459
200　576

67　　459
e 19 SC ³475
20 SC ²254

[Martin v. Berens.]

without any claims for damages or restitution or as an off-set for rent." In a suit for two quarters' rent, M. filed affidavits of defence that the premises had been burned and remained in ruins; that it was the agreement of the parties that if the premises were burned, the rent was to cease: that it was agreed at the execution of the lease, that if the premises should be burned, M. was not to be liable for rent while they remained destroyed nor pay rent further to the plaintiff. *Held*, these facts were at variance with the written lease and could not be proved by parol.

2. Parol evidence is admitted to show fraud, accident or mistake as to a written instrument; but the evidence should be of what occurred at the execution, and should be clear, precise and indubitable.

3. When parties without fraud or mistake have put their engagements in writing; that is not only the best, but the sole evidence of their agreement.

4. Numerous cases on the subject of varying written agreements cited in the opinion in this case.

February 9th 1871.   Before THOMPSON, C. J., AGNEW, SHARS-WOOD and WILLIAMS, JJ.   READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 142, to January Term 1871.

This was an action of covenant, brought September 12th 1870, by Bernard Berens against Thomas J. Martin and John Monroe.

The plaintiff filed a copy of the instrument on which the suit was brought; it was a lease from the plaintiff to the defendants, dated February 1st 1867, for a lot of ground at the corner of Ontario and Cumberland streets, Philadelphia, with a stone building and shedding erected thereon; from the 1st of December 1866 until the 31st of August 1873, at the rate of $1400 per annum, for the purpose of manufacturing distilled and malt liquors. The rent was payable in equal quarterly payments, " the first instalment becoming due on the 1st day of March of this year. They, the second party, further agree to pay every one of the instalments punctually to the first party; and in case they shall fail to do so within five days after any of these instalments become due, then to consider this lease forfeited, and to give peaceable possession of the premises, with all the improvements, fixtures and additions, to the first party or his legal representatives, if he or they, in that event, should request them to do so, waiving all rights of claiming damages for any improvements, additions, fixtures, &c.

" The second party further agree to make all the improvements, additions, also all the repairs, or to do the rebuilding in case of any accident whatsoever, which now may be made voluntarily, or hereafter may be necessary or required to keep the premises in a proper state of repair at their own expense, without any claims for damages or restitution, or as offset for rent from the first party.

" The second party further agree to give peaceable possession of the premises, of all buildings, with engine and boiler, also of the additions and internal improvements, leaving them all in a proper state of repair and working order at the end of this lease, or in case of a forfeiture of this lease, at that time to the first party." * * *

[Martin v. Berens.]

The claim was for two quarters' rent of $350 each, due respectively on the 1st of June and the 1st of September 1870, with interest.

The defendants filed an affidavit of defence October 7th 1870, "that the said premises for which rent is claimed were burned down and totally destroyed by fire March 30th 1870, and still remain so destroyed and in ruins. That it was the understanding and agreement of the parties, that if the said premises were destroyed by fire the rent was to cease and end, the defendants binding themselves only to restore the building as they received it."

They filed a supplemental affidavit of defence October 15th 1870, "that before and at the time of making the said lease and agreement sued on, the plaintiff agreed with the defendants, as part of the said lease and agreement, that though the said premises should be rebuilt by the defendants at their expense if the same were burned down or destroyed during the term, yet the said defendants were not to be liable for any rent thereafter, while they so remained destroyed, and were not to pay rent further to the plaintiff; and deponent further says that the rent claimed so accrued after the destruction by fire, and said premises are still unbuilt."

Judgment for $710.81, for want of a sufficient affidavit of defence, was entered October 31st 1870.

This was assigned for error by the defendants, who removed the record to the Supreme Court.

*P. Archer* (with whom was *L. C. Cassidy*), for plaintiffs in error.—A parol contract may be set up to vary a written instrument: Chalfant v. Williams, 11 Casey 212; Bank v. Fordyce, 9 Barr 275; Barnhart v. Riddle, 5 Casey 96; Musselman v. Stoner, 7 Id. 270; Rearich v. Swineheart, 1 Jones 238; Parke v. Chadwick, 8 W. & S. 98; Christ v. Diffenbach, 1 S. & R. 464; Clark v. Partridge, 2 Barr 13.

The parol promise in the present case, not to exact rent after destruction of the premises, was the inducement to the lessees to execute the lease in its present form, and this inducement, and the attempted fraud in the wrongful use of the lease, opens the door to parol evidence: Miller v. Henderson, 10 S. & R. 290; Hain v. Kalback, 14 Id. 159; Hurst's Lessee v. Kirkbride, cited in Wallace v. Baker, 1 Binn. 616; Miller v. Fichthorn, 7 Casey 252; Renshaw v. Gans, 7 Barr 117; Anspach v. Bast, 2 P. F. Smith 356; Aldridge v. Eshleman, 10 Wright 420.

*J. Gerhart*, for defendant in error, commented on the authorities cited by the plaintiffs; he also referred to Harbold v. Kuster, 8 Wright 394; Lloyd v. Farrell, 12 Id. 76; Collins v. Baumgard-

[Martin *v.* Berens.]

ner, 2 P. F. Smith 461; Gould *v.* Lee, 5 Id. 108; Lewis *v.* Brewster, 7 Id. 414.

The opinion of the court was delivered, February 27th 1871, by
WILLIAMS, J.—The parol agreement set up as a defence to the
rent claimed by the plaintiff below, directly contravenes the terms
of the written lease upon which the action was brought. By the
agreement, as signed and sealed by the parties, the defendants
agreed to pay the stipulated rent of the demised premises in equal
quarterly instalments during the continuance of the lease; and
they further agreed " to do the rebuilding in case of any accident
whatsoever   *   *   *   at their own expense, without any claim for
damages or restitution or as offset for rent." But in their original
affidavit of defence, they aver that " it was the understanding and
agreement of the parties that if the said premises were destroyed
by fire the rent was to cease and end, the defendants binding
themselves only to restore the building as they received it;" and,
in their supplemental affidavit, they say, " that before and at the
time of the making the said lease and agreement sued on, the
plaintiff agreed with the defendants, as part of the said lease and
agreement, that though the said premises should be rebuilt by the
defendants at their expense, if the same were burnt down or de-
stroyed during the term, yet the said defendants were not to be
liable for any rent thereafter, while they so remained destroyed,
and were not to pay any further rent to the plaintiff." It needs
no argument to show that the alleged parol agreement is utterly
at variance with the written lease. It not only changes its legal
effect, but it contradicts its very terms. The two agreements,
therefore, cannot possibly stand together; one or the other must
fall. If the parol agreement is to prevail, the defendants are not
liable for the rent which is alleged to have accrued after the prem-
ises were destroyed by fire. But can they avail themselves of the
parol agreement as a defence to the rent which, by the express
terms of the written lease, they stipulated to pay? It is clear
they cannot, if they would not be allowed to show on the trial that
the parol agreement was in fact made as alleged. The principles
which govern the admission of parol evidence affecting written
instruments are well established. It may be received to explain
and define the subject-matter of a written agreement: Barnhart
*v.* Riddle, 5 Casey 92; Aldridge *v.* Eshleman, 10 Wright 420;
Gould *v.* Lee, 5 P. F. Smith 99; to prove a consideration not
mentioned in a deed, provided it be not inconsistent with the con-
sideration expressed in it: Lewis *v.* Brewster, 7 P. F. Smith 410;
to establish a trust: Cozens *v.* Stevenson, 5 S. & R. 421; to
rebut a presumption or equity: Bank *v.* Fordyce, 9 Barr 275;
Musselman *v.* Stoner, 7 Casey 265; to alter the legal operation
of an instrument where it contradicts nothing expressed in the

[Martin v. Berens.]

writing: Chalfant v. Williams, 11 Casey 212; to explain a latent ambiguity: McDermot v. The U. S. Ins. Co., 3 S. & R. 604; Iddings v. Iddings, 7 Id. 111; and to supply deficiencies in the written agreement: Miller v. Fichthorn, 7 Casey 252; Chalfant v. Williams, supra; but, as a general rule, it is inadmissible to contradict or vary the terms of a written instrument: Hain v. Kalbach, 14 S. & R. 159; Barnhart v. Riddle, supra; Miller v. Fichthorn, supra; Harbold v. Kuster, 8 Wright 392; Lloyd v. Farrell, 12 Id. 73; Anspach v. Bast, 2 P. F. Smith 356. In cases of fraud, accident or mistake, the rule is different. Where equity would set aside or reform the instrument on either of these grounds, parol evidence is admissible to contradict or vary the terms of the agreement as written: Christ v. Diffenbach, 1 S. & R. 464; Iddings v. Iddings, 7 Id. 111; Miller v. Henderson, 10 Id. 290; Parke v. Chadwick, 8 W. & S. 96; Clark v. Partridge, 2 Barr 13; Renshaw v. Gans, 7 Id. 117; Rearich v. Swinehart, 1 Jones 233. But the evidence of fraud or mistake ought to be of what occurred at the execution of the agreement, and should be clear, precise and indubitable: Stine v. Sherk, 1 W. & S. 195; otherwise it should be withdrawn from the jury: Miller v. Smith, 9 Casey 386. Here there is no allegation in either affidavit that the defendants were induced to execute the lease on the faith of the alleged parol agreement, or that it was omitted from the lease by fraud or mistake. Being incapable of proof, it is the same as if it had never been made, and therefore it constitutes no defence to the action: Hill v. Gaw, 4 Barr 493. Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement, and we are not disposed to relax the rule. It has been found to be a wholesome one, and now, that parties are allowed to testify in their own behalf, the necessity of adhering strictly to it is all the more imperative.

Judgment affirmed.