## Lippincott *versus* Whitman.

1. It is a well-settled rule in Pennsylvania that where equity would reform or set aside a written instrument on the ground of fraud, accident or mistake, parol evidence is admissible (except in the case of commercial paper), to contradict or deny the terms of a written agreement.

2. Where therefore it was shown that a mortgage sued upon was given with the express understanding that it should be drawn three years from date; that the defendant discovered that the mortgage was drawn payable in one year instead of three; that she remonstrated with plaintiffs about it and they agreed, upon defendant signing it, that it should be considered as for three years and not be enforced before the expiration of that time, and that induced by this agreement defendant consented to sign said mortgage, evidence of this contemporaneous agreement should have been admitted, and it was error to withhold it from the jury.

3. To pave the way for the admission of such evidence it is not necessary to prove a party was actuated by a fraudulent intention at the time of the execution of the writing, for although his original object may have been honest and upright, if to procure an unfair advantage he subsequently denies the parol qualification of the written contract, it is such a fraud as will operate to let in evidence of the real intent and conclusion of the parties to the instrument.

January 9th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county*: Of January Term 1877, No. 48.

[Lippincott v. Whitman.]

This was a scire facias upon a mortgage issued by William E. Whitman and Daniel Steinmetz, executors of James Cox, deceased, against Mary Ann Lippincott.

The mortgage, dated the 22d of September 1874, was to secure the payment of $2000, and was drawn payable one year from date.

To the scire facias, issued September 16th 1876, the defendant filed an affidavit of defence, which averred that "no interest was unpaid or due at the suing out of the scire facias in the above case, as the same was paid in full to the 23d of March 1876, as receipted for. Neither were there any taxes due upon it so unpaid. And further this deponent says, that at the time of the purchase of the Union street house, in which she resides, from the said plaintiffs, the mortgage now sued upon was given by her and received by them in part payment thereof, and with the express understanding and agreement that the same should be drawn payable in three years from its date. Deponent discovered that the mortgage was drawn up in one year instead of three years, and she then remonstrated with them about it, and they assured her and agreed, upon her so signing it, that it should be considered as for three years, and would not be enforced before the expiration of the three years' time. Upon this agreement only did deponent consent to sign the same; otherwise she would not have done it. She therefore asks the protection of the court against this premature foreclosure."

The plaintiffs took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule the court made absolute.

This action of the court was the error assigned.

*Aaron Thompson*, for plaintiff in error.—That parol evidence may be given to show what passed at the time of the execution of the writing; that it was executed by one party in consequence of the fraudulent conduct or false representations of the other, is well-settled law in this state: Miller *v.* Henderson, 10 S. & R. 290; Hahn *v.* Kalbach, 14 Id. 159; Rearich *v.* Swinehart, 1 Jones 233; Fuller *v.* Hood, 10 Casey 365; Green *v.* North Buffalo Township, 6 P. F. Smith 110; County of Schuylkill *v.* Copley, 17 Id. 386; Powelton Coal Co. *v.* McKeen, 25 Id. 238; Shugart *v.* Moore, Id. 469.

The case should have been given to a jury, and the disputed facts there determined, and the plaintiffs not have been permitted to take advantage of their own agreement, which was the motive that induced the giving and execution of the mortgage.

*Dallas Sanders*, for defendants in error.—Although this court may have gone far in the admission of parol evidence, still no case can be cited to sustain the contention of plaintiff in error, that in

[Lippincott *v.* Whitman.]

the absence of an allegation and proof of fraud, a party may be allowed to directly contradict, by her parol testimony, a written instrument, duly signed, sealed and acknowledged by her.

The cases cited by plaintiff in error do not support her position; for in them either fraud was actually proven, or there was no direct contradiction of the writing. To overturn a written instrument, the evidence of fraud must be clear, precise and indubitable; and where, as here, there is no allegation of fraud, but an attempt is made to set up as a defence a contemporaneous parol agreement which flatly contradicts the sealed instrument sued on, the question should not be submitted to a jury: Fulton *v.* Hood, 10 Casey 365; Anspach *v.* Bast, 2 P. F. Smith 356; Hacker *v.* National Oil Refining Co., 23 Id. 93; Wharton *v.* Douglass, 26 Id. 273; Pennsylvania Railroad *v.* Shay, 1 Norris 45.

Mr. Justice PAXSON delivered the opinion of the court, January 15th 1877.

The rule is well settled in Pennsylvania that where equity would reform or set aside a written instrument on the ground of fraud, accident or mistake, parol evidence is admissible to contradict or vary the terms of the agreement as written: Christ *v.* Diffenbach, 1 S. & R. 464; Iddings *v.* Iddings, 7 Id. 111; Miller *v.* Henderson, 10 Id. 290; Parke *v.* Chadwick, 8 W. & S. 96; Clark *v.* Partridge, 2 Barr 13; Renshaw *v.* Gans, 7 Id. 117; Rearick *v.* Swinehart, 1 Jones 233; Martin *v.* Berens, 17 P. F. Smith 459; Kostenbader *v.* Peters, 2 Weekly Notes 531. An exception to the rule exists in the case of commercial paper, which for reasons of public policy cannot be impeached in this way.

The judgment in this case was entered for want of a sufficient affidavit of defence. The plaintiff in error avers in said affidavit that the mortgage sued upon was given by her with the express understanding and agreement that it should be drawn payable three years from date; that she discovered that said mortgage was drawn payable in one year instead of three years; that she remonstrated with the defendants in error about it, and they assured her and agreed upon her signing it that it should be considered as for three years, and would not be enforced before the expiration of that time; that upon this agreement only did she consent to sign the mortgage and that without it she would not have done so. The defendants in error foreclosed the mortgage at the end of a year. No interest was owing and unpaid at that time. If the facts be as stated in the affidavit of defence, and for the purposes of this case we are bound to presume them to be so, it was a fraud upon the plaintiff to foreclose the mortgage at the end of a year. It was an abuse of the instrument that brings the case within the rulings in Renshaw *v.* Gans and Rearick *v.* Swinehart, *supra*. It was said in Renshaw *v.* Gans, by Mr. Justice BELL, that "in order to pave the way for

[Lippincott *v.* Whitman.]

the reception of oral declarations, it is not necessary to prove a party was actuated by a fraudulent intention at the time of the execution of the writing. His original object may have been honest and upright; but if to procure an unfair advantage to himself, he subsequently deny the parol qualification of the written contract, it is such a fraud as will, under the rules, operate to let in evidence of the real intent and final conclusion of the contractors." So in Rearick *v.* Swinehart it was said, " a legal delinquency attaches upon an attempted abuse of the writing sufficient to subject it to the influence of oral evidence." The case of Fulton *v.* Hood, 10 Casey 365, was cited as 'in opposition to this view. We do not so understand it. It is true parol evidence was rejected in that case to show that the warrant of attorney was not to be entered up for ten years except upon a certain contingency, and that it had been entered up in violation of said agreement. But there was no offer to show that the bond was signed upon the faith of such agreement, and that it would not have been signed without it. The parties were not misled. It was said by Mr. Justice STRONG, who delivered the opinion of the court in Fulton *v.* Hood, that the doctrine of Renshaw *v.* Gans and Rearick *v.* Swinehart, was inapplicable to that case. It is applicable here. The plaintiff in error swears distinctly that she refused to sign the mortgage until she was assured that it would be considered as for three years, and that without such agreement she would not have executed it. In view of this agreement it · needs no argument to show that it was an abuse of the mortgage to use it for the purpose of selling the mortgaged premises at the expiration of a year. The abuse is shown by the premature foreclosure, and even under the views expressed by Mr. Justice STRONG in Fulton *v.* Hood, would let in the parol evidence referred to. The plaintiff may have seen her way clear to pay the mortgage debt at the expiration of three years. It may be ruin to her to have it foreclosed at the end of one year. We think she was entitled to have her case passed upon by a jury, and that it was error to enter a judgment against her for want of a sufficient affidavit of defence.

It may be that parol evidence in such cases is of a dangerous character. We may concede it to be so. But the rule in this state is too well settled to be disturbed; on the other hand, it is in the experience of every lawyer that if we were to adopt as an inflexible rule the principle, that when a man once puts his hand to a written instrument, the terms thereof cannot under any circumstances be modified or contradicted, it would lead to consequences of a most serious charater. Instead of being a shield against fraud it would be its efficient and sure protection. Neither view of the case is entirely free from difficulty. The rule adopted in this state seems to be the lesser of two evils, and because it is so, and because it has become established by a line of authority, we prefer to adhere to it.

The judgment is reversed, and a *procedendo* awarded.