## Herrman, Appellant, *v.* Bredo.

*Evidence—Parol evidence—Fraud—Written instrument.*

It is not essential to the admission of parol evidence to affect a written instrument that fraud was actually intended, but is enough that, though the parties acted in mutual good faith at the inception of the transaction, an attempt is made to wrest the instrument to a purpose not contemplated, or to use it in violation of the accompanying agreement.

Argued Oct. 22, 1909.  Appeal, No. 219, Oct. T., 1909, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1909, No. 771, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Sig. M. Herrman, executor of the estate of William H. Green, deceased, v. Arthur C. Bredo.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Affirmed.

Assumpsit on a promissory note for $500.

The averments of the affidavit of defense are stated in the opinion of the Superior Court.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Roy M. Livingston,* for appellant, cited: Butler v. Keller, 19 Pa. Superior Ct. 472; Martin v. Berens, 67 Pa. 459; Ziegler v. McFarland, 147 Pa. 607; Clarke v. Allen, 132 Pa. 40; Coal & Iron Co. v. Willing, 180 Pa. 165.

*A. L. Wanamaker,* for appellee, cited: Brown v. Morange, 108 Pa. 69; Walker v. France, 112 Pa. 203; Cullimans v. Lindsay, 114 Pa. 166; Close v. Zell, 141 Pa. 390; Musser v. Stauffer, 178 Pa. 99; Coal & Iron Co. v. Willing, 180 Pa. 165; Loucks v. Lightner, 11 Pa. Superior Ct. 499; Hacker v. Oil Refining Co., 73 Pa. 93.

OPINION BY RICE, P. J., April 18, 1910:

It is alleged in the affidavit of defense that the defendant entered into an oral agreement with a representative of a syndicate of five persons, one of whom was the plaintiff, to sell his entire holdings of the stock of a certain company for $5,000, and that the plaintiff agreed to purchase thirty shares, his proportion, for $1,000, which was to be paid in this way: The defendant was to make and deliver to the plaintiff his promissory note for $500 payable to the plaintiff's order, and attach thereto, as collateral, certificates for twenty-four shares of the stock of the company; and the plaintiff was to negotiate the note, pay over the proceeds to the defendant as part payment of the purchase price of the stock, pay the note at maturity and return it to the defendant, and retain the twenty-four shares of stock and pay the balance of the $1,000 in cash, whereupon he was to receive a certificate for six additional shares of stock, making thirty in all. Upon the faith of and in performance of this agreement, it is substantially alleged in the affidavit of defense, the note in suit with the certificate for twenty-four shares of stock was delivered to the plaintiff. It is further alleged that the plaintiff has at all times exercised the rights of an absolute owner of the twenty-four shares of stock attached to the note, having had it put in his name on the books of the company and voting thereon at all meetings of the corporation. If the facts be as stated in the affidavit of defense, and for present purposes we are bound to presume them to be so, and if notwithstanding them the plaintiff is allowed to recover in this action, he will have received from the defendant twenty-four shares of the latter's stock and $500 in addition, for which the defendant has received no consideration what-

ever. But apart from the question of consideration, it was said in Parke v. Chadwick, 8 W. & S. 96, "that it is as much a fraud to obtain a paper for one purpose, and use it for a different and unfair purpose, as to obtain it by fraudulent statements." This was repeated in Rearich v. Swinehart, 11 Pa. 233, in connection with the declaration that it is not essential to the admission of parol evidence that fraud was actually intended but it is enough that, though the parties acted in mutual good faith at the inception of the transaction, an attempt is made to wrest the instrument to a purpose not contemplated, or to use it in violation of the accompanying agreement. The doctrine of these cases has been recognized in many later cases, notably in Phillips v. Meily, 106 Pa. 536, where one of the instances in which parol evidence is admissible to affect a writing is stated as follows: "Where there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed." As the case is presented it seems to be fully within this principle.

The appeal is dismissed at the costs of the appellant without prejudice, etc.