## O'Donnell, Appellant, *v.* Henderson.

*Judgments—Opening judgments—Issue of fact—Case for jury.*

Where a judgment has been opened on the petition of the defendant averring fraud in the entry thereof, and the case has been twice tried, resulting in a verdict for the defendant, a judgment on such verdict will be sustained.

The issues involved being questions of fact, the case was for the jury and required the refusal of plaintiff's point for binding instructions.

Argued November 11, 1925. Appeal No. 261, October T., 1925, from the judgment of C. P. No. 3, Phila-

delphia County, June T., 1922, No. 6174, in the case of John O'Donnell v. Charles M. Henderson.  Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.  Affirmed.

Assumpsit on promissory note.  Before Davis, J.
The opinion of the Superior Court states the case.
Verdict for the defendant.  Plaintiff appealed.

*Error assigned* was, among others, the charge of the court.

*Harry Shapiro,* for appellant.

*H. Eugene Heine,* for appellee.

Opinion by Keller, J., February 26, 1926:
This case arose from the action of the lower court in opening a judgment entered by confession pursuant to a warrant of attorney contained in a judgment note, on the petition of defendant averring that part of the note, representing a loan of money, had been paid; and that the balance was without consideration and was executed by defendant for plaintiff's accommodation in order to assist him in raising money for a business venture by the hypothecation of the note; and that in violation of his agreement with defendant, plaintiff had fraudulently entered the note of record and threatened to issue execution.

The case has been tried twice, resulting both times in a verdict for the defendant.  The issues involved were questions of fact.  The dispute as to the payment on the note was necessarily for the jury and required the refusal of plaintiff's point.  The evidence relating to the fraudulent use of the instrument in violation of plaintiff's agreement with defendant supported the trial judge's reference in his charge to fraud: Rea-

rich v. Swinehart, 11 Pa. 233, 240; Renshaw v. Gans, 7 Pa. 117, 118; Lippincott v. Whitman, 83 Pa. 244, 246; Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165, 167. It was accompanied by circumstances sufficiently corroborative to convince two juries. We will not disturb their finding. The judgment is affirmed.