## Miss Wharton's School v. Cotton et ux.

*Wright, Mauck & Hawes,* for plaintiff.
*Wisler, Talone, Gerber & Pearlstine,* for defendants.

CORSON, J., October 16, 1946.—Plaintiff school seeks to recover tuition alleged to be payable by defendants, covering the attendance of defendant's child at plaintiff school during the school year 1944-45.

The facts set forth in plaintiff's statement of claim are admitted by the affidavit of defense. Standing alone these facts are sufficient to justify the entry of a judgment in favor of plaintiff upon the pleadings. Defendants aver a contemporaneous parol agreement which they contend was breached by plaintiff.

Under the admitted facts defendants entered their child, Dixie, in plaintiff school for the school year 1944-45. The written registration blank provides that entry is made by the year except by special arrangement in advance and noted on the registration blank. No such special arrangement appears on the blank. Defendants aver, however, that such a special arrangement existed under which Dixie could be withdrawn from school at the end of the first semester. Defendants further aver a parol agreement by plaintiff, under which Dixie was to receive certain special treatment and training in plaintiff school. The question to be decided is whether or not defendants' contention comes under the contemporaneous parol agreement rule or whether evidence of such agreement must be disallowed as varying the terms of a written contract. Defendants alleged no fraud, accident, or mistake.

In Martin and Monroe v. Berens, 67 Pa. 459, 463, the court said:

"Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement, . . ."

There are exceptions to this rule and counsel for defendants contend that the facts as stated in the affidavit of defense come within the exceptions. With this contention we cannot agree.

The leading case on this subject is Gianni v. R. Russell & Co., Inc., 281 Pa. 320. In that case the court held that the writing relied upon by plaintiff was the entire contract between the parties and parol evidence was excluded. To determine whether or not a writing is the entire contract between the parties, the writing should be looked at and if it appears to be a contract complete within itself, "couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it

is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing: Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510, 517".

The question of whether or not the contract is apparently complete must be determined by the court: Gianni v. Russell, supra. It is the duty of the court to compare the written contract and the alleged contemporaneous parol agreement and determine whether the parties under the conditions existing at the time of the signing of the written contract would naturally and normally include the alleged parol agreement in the written agreement if such parol agreement had been made. If both agreements relate to the same subject matter and are so related that under ordinary circumstances they would be executed at the same time and in the same contract, the alleged parol agreement must be taken to be covered by the writing: Gianni v. Russell, supra.

Certainly in the present case the registration blank would seem to be a contract and agreement complete in itself. The agreement covers the entry of Dixie into Miss Wharton's School and appears on its face to be the normal and usual contract on the registration blank executed by any parents sending their children to plaintiff school. Certainly, if any special conditions were attached to such registration, they would naturally and normally be set forth in such written agreement. If there had been a parol agreement that Dixie might be withdrawn at the end of the first semester, and that no liability would attach for the second semester, such agreement would have been in direct contradiction of the express terms of the written instrument. The registration blank provides that no deduction will be allowed for withdrawal before the end of the school year unless by special agreement in advance and noted on the blank. Counsel argued that the blank did not have any place for the noting of any such special

arrangement but since the blank itself is not before the court we cannot pass upon that question. Exhibit "A" is a copy of such registration blank and appears to have noted upon it that the tuition charge shall be subject to a service discount. Upon the authority of Gianni v. Russell, supra, and the cases therein cited, we feel that plaintiff's motion for judgment must be allowed.

And now, October 16, 1946, for the reasons given in the foregoing opinion, plaintiffs' motion for judgment for want of a sufficient affidavit of defense is allowed; the rule granted upon such petition is made absolute, and the prothonotary is directed to enter judgment in favor of plaintiff, against defendants, in the amount of $160, with interest from February 1, 1945, and costs. An exception is allowed to defendants.