ROBERT CLARKE v. WM. D. ALLEN.

APPEAL BY THE DEFENDANT FROM THE COURT OF COMMON
PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued January 9, 1890—Decided January 20, 1890.

In a suit by the payee against the maker of a note, an affidavit of defence averring that the note was given upon the faith of an agreement made at the time, between the plaintiff and the defendant, that payment of it was not to be demanded or any proceedings had to collect the same, until it should be possible and convenient for defendant to spare the amount thereof, and that he was not yet able to spare the money, is insufficient to prevent summary judgment: Martin v. Berens, 67 Pa. 459.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 327, January Term 1889, Sup. Ct.; court below, No. 597 December Term 1888, C. P. No. 2.

On January 5, 1889, Robert Clarke brought assumpsit against William D. Allen to recover on a promissory note for $258.30, payable by the defendant to the plaintiff three months after date. The defendant filed an affidavit of defence averring:

"The plaintiff is an insurance solicitor, and, before going into that business, had been in the employ of the defendant. After going into the insurance business, plaintiff repeatedly solicited defendant to take a policy on his life, which defendant as often declined to do.

"Shortly before the giving of the note in suit, plaintiff again called on defendant and requested him to take a policy, assigning as a reason for his persistence that if he could procure before the end of the year a certain amount of applications (which he had nearly made up) he would be entitled to and receive a premium or reward from his company over and above his ordinary compensation or commissions. Defendant still refused to make the application, for the reason, as stated by him to the plaintiff, that he could not spare the necessary money from his business, and that he would not be likely to be able so to do for a long time to come. The plaintiff then offered and agreed

not only to advance the money necessary himself, but to see that the policy was kept alive by the necessary payments until defendant's business should be in such a condition as to enable him to repay plaintiff the amounts so advanced.

" After considerable solicitation defendant consented to this and signed the application.   The note was given for the amount of the first premium, and simply as a memorandum of the amount advanced, and under the said agreement it was understood by both parties that payment thereof was not to be asked, expected or demanded, until it was possible and convenient for defendant to spare from his business the amount thereof, and any subsequent advances plaintiff might make on account of said insurance.

" The plaintiff, in violation of his agreement, demanded payment of the note shortly before suit was brought, although he did not deny the same, and was informed by defendant that he could not spare the amount thereof from his business and the same was not due under the terms of the agreement; and said inability to pay or spare the money still continues.

" Defendant avers that said note is not due under the terms of the agreement, and that plaintiff has further violated said agreement in that he has allowed the policy to lapse and become null and void by not providing for the payment of the second premium on said policy as he agreed to do."

By leave of court a supplemental affidavit of defence was filed by the defendant, averring:

" That the note in suit was given by him to the plaintiff simply as a memorandum, and that it was then agreed between them that payment thereof was not to be demanded or any proceedings taken to collect the same, when it should become due, or until such time thereafter as it should be possible and convenient for defendant to spare from his business the amount thereof.   Defendant avers that he refused to sign said note except under the aforesaid agreement; and he further avers that up to the time suit was brought upon said note, he could not spare the amount thereof from his business, and said inability still continues."

On January 26, 1889, a rule for judgment for want of a sufficient affidavit of defence was made absolute, and judgment entered for the plaintiff for $271.   Thereupon the defendant

Opinion of the Court.

took this appeal assigning the order making the rule for judgment absolute for error.

*Mr. J. Martin Rommel* (with him *Mr. James M. West*), for the appellant.

Counsel cited : Oliver v. Oliver, 4 R. 141 ; Renshaw v. Gans, 7 Pa. 119 ; Lyon v. Huntingdon Bank, 14 S. & R. 286 ; Walker v. France, 112 Pa. 203; Lippincott v. Whitman, 83 Pa. 246 ; Greenawalt v. Kohne, 85 Pa. 375 ; Shughart v. Moore, 78 Pa. 472; Powelton Coal Co. v. McShain, 75 Pa. 245.

*Mr. Avery D. Harrington*, for the appellee.

Counsel cited: Anspach v. Bast, 52 Pa. 356 ; Hill v. Gaw, 4 Pa. 493; Heist v. Hart, 73 Pa. 289; Meily v. Phillips, 16 W. N. 429; Eberle v. Bonafon, 17 W. N. 335; Hennershotz v. Gallagher, 124 Pa. 1; Rearick v. Rearick, 15 Pa. 73.

PER CURIAM:

In Martin v. Berens, 67 Pa. 459, it was said by the late Mr. Justice WILLIAMS, that "where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement, and we are not disposed to relax the rule. It has been found to be a wholesome one, and. now that parties are allowed to testify in their own behalf, the necessity of adhering strictly to it is all the more imperative."

Without a wide departure from the doctrine of that and kindred cases, the court below could not have done otherwise than hold the affidavit of defence in question insufficient. The alleged parol agreement is entirely at variance with the promissory note sued on in this case. It not only changes its legal effect, but it contradicts its very terms.

There was no error in entering judgment for want of a sufficient affidavit of defence.

Judgment affirmed.