# Ziegler *v.* McFarland et al., Appellants.

*Promissory note—Affidavit of defence.*

An affidavit of defence 'to an action on a promissory note, which avers that the maker signed the note with the understanding that it was a mere matter of form, and not an obligation to pay money, but only an undertaking to furnish a horse, is insufficient.

*Conditional payment—Misunderstanding—Settlement.*

Plaintiff held the note of defendant, which was given in repayment of the purchase money of a horse.  The horse was kept by the defendant for several months, and then returned.  Subsequently the defendant, in reply to a request for repayment of the purchase money, sent to the plaintiff a certain sum in cash and a receipted bill for the use of the horse while in plaintiff's hands—the two amounts making up the sum due on the note. The defendant did not expressly state that the payment was conditioned on the acceptance of the receipt.  The plaintiff kept the cash, but returned the receipt.  *Held,* that this was not a full settlement of the plaintiff's claim.

*Sale—Rescission—Liability for use of article.*

Where the parties rescind a sale of personal property, and the article which was paid for at the time of the sale is returned to the seller, in the absence of a condition to the contrary, there is no implied liability upon the part of the buyer to pay for the use of the article during the time it was in his possession.

Argued Jan. 11, 1892.  Appeal, No. 62, July T., 1891, by defendants, McFarland & Brother, from judgment of C. P. No. 3, Phila. Co., in favor of plaintiff, Henry Z. Ziegler, for want of a sufficient affidavit of defence..  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on a promissory note.

The defendant filed an affidavit of defence, which was in part as follows :

" In May, 1890, the defendant sold to the plaintiff a certain

brown horse for the price or sum of $450. This was paid to the defendants, $200 in cash and $250 by a certain other horse bought by the defendants from the plaintiff. No warranty of any kind was given with the brown horse sold by the defendants to the plaintiff as aforesaid and the said horse when sold was sound and kind and in every way what he was represented to be, and worth the price for which he was sold. Plaintiff retained the horse and made use of him until September 5, 1890. On September 5, 1890, plaintiff complained to the defendants that the horse would not work satisfactorily, and asked them to exchange him for another. This the defendants consented to do, although it was a fact that any unsatisfactoriness in the horse's working was not due to any fault of theirs or in his condition or temper when sold, but so far as it existed at all was entirely due to unskillful management in driving on the part of plaintiff's servants and employees. At the request, however, of the plaintiff, the defendants offered to exchange the horse for another satisfactory to him. As, however, the defendants, who were dealers in horses, at that time had no horse satisfactory to the plaintiff, he asked them to give to him a memorandum in the case of the death of any of the parties, and the said plaintiff then drew up the duebill on which the suit is brought, which at his request defendants signed, not intending or understanding it to be any settlement or obligation to pay that definite sum of money, but as an undertaking to furnish the plaintiff with a satisfactory horse in place of the one which plaintiff brought back, and affiant signed the name on the express representation to him by plaintiff that it was a mere matter of form and not an obligation.

" The plaintiff was not satisfied, as above mentioned, with any of the defendants' horses, and expressed a preference to wait until spring for a settlement of the matter. Before that time, however, early in February of current year, the plaintiff expressed a preference for a pecuniary settlement for the matter between plaintiff and defendants, and at his request defendants paid him on February 3d $200 on account of the price of the horse. On February 26th plaintiff wrote to the defendants, asking for a further payment in settlement for the horse. Considering this as a desire on his part for a rescission of the original contract for the purchase of the horse, the defendants

sent to the plaintiff, on the 28th of February, 1891, the further sum of $145 and a receipt for $105 for the use of the horse for the period of three and one half months, at the rate of thirty dollars per month, during which time the plaintiff had retained and used him.    Thirty dollars per month for the use and hire of a horse and returned at the expiration of the period of hiring is a fair and usual rate for the same, and the sum of $105 a fair and moderate charge for the use of the horse by the plaintiff, if the property of the horse be treated as remaining in the defendants.    The plaintiff, however, instead of returning the duebill, as he should have done on receipt of the said check for $145 and the receipted bill for $105 for the use and hire of the horse, retained the duebill and the sum of $145, and on March 2, 1891, sent to the defendants in return therefor a receipt for $145 on account, but on the following day, March 3d, returned the receipted bill for the use of the horse, with a letter saying he declined to recognize the same."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Errors assigned* were (1) in entering judgment, and (2) in not discharging a rule for judgment.

*R. L. Ashurst* and *Rowland Evans,* for appellant, cited Washington Gas Co. v. Johnson, 123 Pa. 576; Fink v. Knauss, 4 W. N. C. 356; Walker v. France, 112 Pa. 210; Juniata Building Assn. v. Hetzel, 103 Pa. 507.

*J. Martin Rommel, James M. West* with him, for appellee, cited Spencer v. Colt, 89 Pa. 314; Clarke v. Allen, 132 Pa. 40; Martin v. Berens, 67 Pa. 459; Thorne v. Warfflein, 100 Pa. 519.

OPINION BY MR. JUSTICE MITCHELL, March 21, 1892.

The affidavit sets up in substance three grounds of defence. First, that the note or duebill sued upon was signed by defendants, " not intending or understanding it to be any settlement or obligation to pay that definite sum of money, but as an undertaking to furnish the plaintiff with a satisfactory horse, . . . and affiant signed the same on the express representation to him by plaintiff that it was a mere matter of form, and not an obligation."    Of this it is sufficient to say that it is a flat contradiction of the terms of a plain business writing,.

which any one competent to do business at all could not fail
to understand.    No accident is alleged, and the only fraud or
mistake is the representation that it was "not an obligation,"
though its express terms had that and no other meaning.    If
the rule as to parol evidence to vary writings is to have any
application at all it should be to such cases as this : Clarke v.
Allen, 132 Pa. 40.

Secondly, the affidavit sets up that the payment of one hun-
dred and forty-five dollars, accompanied by a receipted bill,
for the use of the defendant's horse for three and a half months,
was a single offer of settlement, which was to be accepted or
rejected as a whole, and plaintiff having retained the money,
had thereby bound himself also to recognize and accept the
counterclaim for use of the horse.    For this, Washington Gas
Co. v. Johnson, 123 Pa. 576, is cited, and there is no doubt of
the principle relied upon.    But the facts of that case were
much stronger than the present.    Defendant's attorney had
received from plaintiff's attorney a letter, which he understood
as agreeing to accept a certain sum in full of demands on the
whole lease, and had thereupon sent a check for the amount
expressed to be in full, and on getting back merely a receipt
for claim as to one well, promptly repudiated this action, and
demanded a receipt in full, or the return of the money (pp. 579–
580), and these facts are recounted in the opinion of the court.
It was a clear case of payment upon a misunderstanding and
express conditions.    The correspondence in the present case is
not set out in the affidavit.    It was certainly competent for the
defendants to make the payment of the one hundred and forty-
five dollars conditional on the recognition of their claim for
set-off, and the acceptance of a receipted bill for that claim, as
a settlement in full.    But the affidavit fails to show that they
did so.    It sets out a demand by plaintiff for a further money
payment, and that defendants, " considering this as a desire on
his part for a rescission of the original contract," sent the money
and the bill for use.    It then avers that the sum charged was
reasonable, etc., and that plaintiff, " instead of returning the
duebill, as he should have done," kept it, and returned the re-
ceipt for use.    It is not said, instead of returning the duebill,
*as had been demanded of him,* nor is there anywhere in the
affidavit a positive averment that the payment was conditional,

or that any express direction for its application was given. Such effect is only asserted argumentatively, and as a legal result of the circumstances. These will be considered under the next head.

Thirdly, the defence is made that, irrespective of what took place about the payment of one hundred and forty-five dollars and the receipted bill for use of the horse, defendants had a good claim for such use, which could be set off against the due-bill. But the circumstances negative this defence. By the original contract, in May, 1890, defendants sold to plaintiff a horse, receiving in payment another horse and two hundred dollars in cash. The contract was fully executed, there was no warranty, and no right of rescission by either party, except upon joint consent. In September, however, the parties came together, and admittedly rescinded the contract, whether entirely, as plaintiff claims, and the tenor of the duebill indicates, or only partially, and upon terms as defendants claim, is, for the present purpose, immaterial. Concede that the rescission was, as defendants say, partial only, and that they were to furnish plaintiff another horse, no legal obligation to pay for the use of the first horse arose from the circumstances. Plaintiff, it is true, had had the use of him from May to September, but, on the other hand, defendants had had the use of plaintiff's horse and plaintiff's money for the same period. It is not the case of a sale on credit and the horse returned without anything having been paid for his use, even if that would be sufficient without an express agreement. The parties, as already said, were under no obligation to rescind or vary the contract in any way. When, therefore, they did so by consent, defendants might have made it a condition that they should be paid for the use of their horse, but in fact they did not, and the circumstances were not such as to raise any implied liability on the part of the plaintiff.

The affidavit fails to make out a defence, and was properly held insufficient.

Judgment affirmed.