Clinch Valley Coal and Iron Company to the use of Henry S. Grove and George McCall, Trustees, v. George Willing, Appellant.

| | |
|---|---|
| 180 | 165 |
| 186 | 617 |
| 180 | 165 |
| 202 | ¹486 |
| 180 | 165 |
| 19 SC | ¹476 |
| 180 | 165 |
| 24 SC | ²203 |
| 180 | 165 |
| 28 SC | 351 |
| 180 | 165 |
| 217 | ¹526 |
| 180 | 165 |
| 34 SC | ¹ 87 |
| 180 | 165 |
| 220 | ¹292 |
| 180 | 165 |
| 223 | ¹509 |

*Evidence—Parol agreement— Promissory notes.*

The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted between the parties.

It is fraud to secure the execution of an instrument by representations as to the manner in which payment shall be made different in important particulars from those contained in the paper, and, after the paper has been signed, to attempt to compel literal compliance with its terms regardless of the contemporaneous agreement without which it would never have been signed at all.

In an action upon promissory notes given to secure deferred payments for town lots and secured by trust deeds for the lots, an affidavit of defense is sufficient which avers that at the time the notes were executed a parol agreement was made that the lots should at once be reconveyed to a trustee who should hold them as a security for the sums due upon the notes, and exhaust the security thus furnished before the payment of the notes should be required of the maker, and that this agreement had not been carried out.

Argued Jan. 8, 1897. Appeal, No. 350, Jan. T., 1896, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 1093, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on promissory notes.

Rule for judgment for want of a sufficient affidavit of defense. The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for want of a sufficient affidavit of defense.

*J. Bayard Henry*, for appellant.—Where an affidavit of defense clearly and specifically sets forth a verbal agreement which induced the execution of the promissory notes in suit, and that evidence is substantiated by deeds of trust upon which the notes are based, the affidavit is sufficient: Martin v. Fridenberg, 169 Pa. 447.

Parol evidence is admissible to show a contemporaneous verbal agreement which induced the execution of a written agreement, though it may have the effect of varying or changing the terms of the contract: Greenawalt v. Kohne, 85 Pa. 369; Bown v. Morange, 108 Pa. 69.

*James Collins Jones*, with him *Lewin W. Barringer*, for appellee, cited, Helfenstein's Est., 135 Pa. 293; Craft v. Webster, 4 Rawle, 242; McCausland v. Hickman, 3 W. N. C. 94; Phila. & Balt. Cent. R. R. v. Johnson, 54 Pa. 127.

OPINION BY MR. JUSTICE WILLIAMS, February 22, 1897:

The plaintiff was the seller and the defendant was the buyer of certain town lots in the village of Richlands, Tazewell county, Virginia. A portion of the purchase money was not required to be paid at the date of the sale, but was deferred and made payable, one half in one year, and one half in two years thereafter. Notes were given by the defendant for these deferred payments, which were under seal and made payable to the plaintiff company "or its assigns." They each contained a recital of the fact that the payment of the note was secured by a trust deed executed by the defendant and wife to Frank M. Dick bearing even date with the note. The last of these notes fell due in May, 1892. This action was brought in January, 1896, and copies of the notes with their recitals were incorporated into the plaintiff's statement. The defendant filed an affidavit of defense which the court below held to be insufficient, and judgment was entered against the defendant for this reason: this appeal depends on the correctness of this ruling of the learned judge. It will be noticed that the affidavit admits the execution of the notes and the ultimate liability of the

defendant for their payment, but sets up a contemporaneous parol agreement on the faith of which the notes were signed. This agreement is alleged to be that the lots were to be at once reconveyed to a trustee who should hold them as a security for the sums due upon the notes, and who should exhaust the security thus furnished before the payment of the notes should be required of the maker. After the lots had been sold and their proceeds applied upon the notes the balance, if any remaining due upon the notes after such application, was all that the defendant was to be called upon to pay. The affidavit further alleges that the trust deed conveying the lots to Mr. Dick to hold as security for the notes, and authorizing their sale by him if the notes were not paid at maturity, was duly executed and delivered; that the lots are still held by the trustee under the arrangement stated, and that before resort should be had to his personal responsibility, the said lots should be sold in accordance with the agreement, and the balance, if any remaining due, should be ascertained.

This affidavit states a good defense, and one which it is competent for the defendant to make. It was a mistake therefore for the court below to enter judgment against the defendant for want of a sufficient affidavit of defense.

The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted. It is a plain fraud to secure the execution of an instrument by representations as to the manner in which payment shall be made, differing in important particulars from those contained in the paper, and, after the paper has been signed, attempt to compel literal compliance with its terms, regardless of the contemporaneous agreement without which it would never have been signed at all. Among the more recent cases in which this has been distinctly declared are Keough v. Leslie, 92 Pa. 424; Martin v. Kline, 157 Pa. 473; Martin v. Fridenberg, 169 Pa. 447. These cases are not in conflict with Clarke v. Allen, 132 Pa. 40; Ziegler v. McFarland, 147 Pa. 607, for in these cases the agreement set up was wholly inconsistent with the terms of the note. The written contract and the alleged parol contract set

up as the inducement to its execution were so inconsistent that both could not stand. In the case before us this is not true. The note is left in full force by the averments of the affidavit of defense which set up a pledge of the lots for the balance due upon them as shown by the notes. The notes recited this pledge made for the payment of the money due upon them. The only question at issue between the parties is as to when the pledge was to be enforced. The affidavit alleges it was to be done in the first instance and before recourse should be had to an action against the maker of the notes. If this was so, as we must assume it to be for the purposes of this motion, then it is clear that this action is prematurely brought. Upon this question the defendant must be permitted to go to the jury. If he can establish the agreement he alleges, he has a good defense and will be entitled to a verdict in his favor.

The judgment is reversed and the record remitted. A procedendo is awarded.