## Louisa L. Plunkett v. John Roehm, Appellant.

*Affidavit of defense—Promissory note—Evidence of parol agreement.*

An affidavit of defense properly was held insufficient which set up as a defense to a promissory note a parol agreement touching a matter in regard to which the parties could not make a contract.

*Parol evidence of agreement inducing—Execution of promissory note.*

Parol evidence is inadmissible in a suit on a promissory note to show that it was in payment of rent of a third party and that when the note was given its payment was to be considered conditional upon the award of a license to a third party who had applied therefor.

The case does not come within any of the exceptions which would take it outside of the rule of Martin v. Berens, 67 Pa. 459.

Argued Oct. 11, 1899. Appeal, No. 151, Oct. T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1899, No. 1272, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER,

84 PLUNKETT *v.* ROEHM.

Statement of Facts—Opinion of the Court. [12 Pa. Superior Ct.

· W. D. Porter and Beeber, JJ. Affirmed. Opinion by Orlady, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

The facts sufficiently appear in the opinion of the court.

Judgment for plaintiff for want of a sufficient affidavit of defense for $1,354. Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*R. O. Moon*, for appellant.—In addition to the averment of the fraud in the attempt of the plaintiff to collect the note in violation of her agreement to the contrary, the affidavit of defense is entirely sufficient, on the ground of the averment therein of a total failure of consideration for the note.

In Hildeburn v. Curran, 65 Pa. 59, it is said: A promissory note is prima facie evidence between the parties to it, but that is all.

If it was without consideration, it was unavailable as evidence of indebtedness: Conmey v. Macfarlane, 97 Pa. 363.

The alleged agreement being entirely consistent with the terms of the note, both might be enforced concurrently and effectively: Ins. Co. v. Williams, 155 Pa. 405; Coal & Iron Co. v. Willing, 180 Pa. 165.

*Theodore F. Jenkins*, for appellee, relied on Martin v. Berens, 67 Pa. 459, Hill v. Gaw, 4 Pa. 493, Hacker v. Refining Co., 73 Pa. 93, Wolf v. Rosenbach, 2 Pa. Superior Ct. 587, and Dodge v. Chessman, 10 Pa. Superior Ct. 604.

It is a reasonable and salutary rule which requires that the facts relied on as a defense should be plainly stated in the affidavit, so that the court may judge of their legal effect as an answer to the claim: North Braddock Borough v. Traction Co., 8 Pa. Superior Ct. 233.

Opinion by Orlady, J., December 11, 1899:

The plaintiff was the owner of a hotel property, of which · Roller and Ernst were lessees, and conducted thereon the busi-

ness of licensed retail liquor dealers. They were indebted to John Roehm in a large sum of money for beer furnished by him, and also to the plaintiff for arrears of rent amounting to $1,325.52. Herman E. Roller, one of the copartners, filed an application for a retail liquor dealer's license for the Plunkett hotel property, which application was pending at the time the note in suit was given. For some undisclosed reason, John Roehm desired that the license for this property should be granted to Jacob Ernst, the other partner, instead of to Roller, and, as set out in the affidavit of defense, it was agreed between the plaintiff and defendant that if the attorney for the plaintiff should succeed in having the application of Ernst for a retail liquor dealer's license substituted for the application of Roller, and that he should have the license for the premises granted to Ernst for the year beginning June 1, 1899, Roehm would pay the rent then due by Roller and Ernst to the plaintiff, but that he should not be required to pay this sum, or any portion of the same, unless the retail liquor license would be granted to Ernst for the said term; in pursuance of which agreement the defendant gave to the plaintiff the note in suit. The license court refused to grant a license to either Ernst or Roller, and the license then held by them ceased and determined on June 1, 1899.

The court below held the affidavit of defense in which these facts were set out to be insufficient, for which reason a judgment was entered against the defendant. The affidavit admits the execution of the note for the exact amount due to the plaintiff by her tenants. It is absolute on its face, and it is not alleged that its execution was induced by any fraud, accident, or mistake. The parties fully understood all of the facts, and the alleged contemporaneous parol agreement related to contingencies and expectations, in regard to which one party had as much knowledge as the other, and which neither could in any way control or determine. The application for the license, and the substitution of one applicant for the other would be disposed of by the license court in the exercise of its legal discretion on the facts presented at the hearing of the cases, regardless of how the parties chose to speculate in reference to its decree.

This suit is not on the agreement of Roehm to pay the debt of Roller and Ernst, but on his written promise to pay to the

plaintiff a specific sum of money. The note is dated March 8, 1899, and is due sixty days thereafter in the amount of $1,325.52, and the suggested defense not only changes its legal effect, but contradicts its very terms. In Martin v. Berens, 67 Pa. 459, it was held that " when parties, without any fraud or mistake, have deliberately put their engagement in writing, the law declares the writing to be not only the best, but the only evidence of their agreement, and we are not disposed to relax the rule." This has been followed in many subsequent cases: Clarke v. Allen, 132 Pa. 40; Ziegler v. McFarland, 147 Pa. 610; R. R. Co. v. Conway, 177 Pa. 364; Wolf v. Rosenbach, 2 Pa. Superior Ct. 587; Coal & Iron Co. v. Willing, 180 Pa. 165; Kellar v. Railroad Co., 10 Pa. Superior Ct. 240. It is equally true that a written agreement may be modified, explained, reformed, or altogether set aside by parol evidence of an oral promise or undertaking material to the subject-matter of the contract made by one of the parties at the time of the execution of the writing, and which induced the other party to put his name to it: Walker v. France, 112 Pa. 203; Close v. Zell, 141 Pa. 390. None of the exceptions mentioned in Martin v. Berens and other cases warrant the admission of the defense here made. The manifest purpose to be accomplished by giving the note was the payment of the rent due to the landlord, and the writing has not been used for any other. The parol agreement referred to a matter in regard to which the parties could not make a contract.

The judgment is affirmed.