# Fidelity Trust Company v. Kohn, Appellant.

*Landlord and tenant—Subletting—Parol evidence—Covenant—Evidence.*

Where a lease contains an absolute prohibition against subletting, an alleged contemporaneous parol agreement permitting general subletting is not established, where the only evidence in support of it is that of the lessee, while that of the lessor is in direct contradiction of it, and in addition it appears that a paper attached to the lease gave to the lessee permission only to sublet a portion of one story for a particular purpose.

*Landlord and tenant—Subletting—Covenant—Waiver.*

A condition against underletting is not a single condition, since it is susceptible of more than one breach during the term; hence a lessor, who has a right of re-entry on the breach of a covenant not to underlet, does not by waiving his right on one underletting, lose his right to re-enter on a subsequent underletting.

A consent by a lessor that a third party may occupy the leased premises for a specified business under the lessee, who is to be responsible for the rent, is a restricted waiver of conditions not to sublet or carry on any other than the kind of business to which the lessee is restricted by the lease, and applies only to such third persons and to his specified business.

Argued Oct. 21, 1904.    Appeal, No. 121, Oct. T., 1904, by defendants, from order of C. P. No. 1, Phila. Co., March T., 1904, No. 2147, discharging rule to open judgment in case of Fidelity Trust Company v. Herman Kohn and Simon H. Casper, trading as Kohn & Company.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Rule to open judgment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order discharging the rule.

*Henry N. Wessel,* for appellant.—Where there has been an attempt to make a fraudulent use of the instrument in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed: Juniata B. & L. Association v. Hetzel, 103 Pa. 507; Graver v. Scott, 80 Pa. 88; Powelton Coal Co. v. McShain, 75 Pa. 238, Shughart v. Moore, 78 Pa. 469; Greenawalt v. Kohne, 85 Pa. 369; Sutch's Est., 201 Pa. 305; Fry v. Glass Co., 207 Pa. 505.

Parol evidence is admissible to show a verbal contemporaneous agreement which induced the execution of a written obligation, though it may vary or change the terms of the writing, and this is so although such oral stipulation was not omitted from the writing through fraud, accident or mistake: Ferguson v. Rafferty, 128 Pa. 337; Honesdale Glass Co. v. Storms, 125 Pa. 268; Hoffman v. R. R. Co., 157 Pa. 174.

A condition in a lease that the lessee or his assigns shall not alien, without the special license of the lessor, is determined by an alienation by license; and no subsequent alienation is a breach of the condition, nor does it give a right of entry to the lessor: Dumpor's Case, 1 Smith's Leading Cases, 9th Am. ed., 119; Brummell v. MacPherson, 14 Vesey, 173.

A condition in a lease may be impliedly waived by an acceptance of rent due since the condition broken, with knowledge of that breach: Pennant's Case, 3 Co., 64a; Goodright v. Davids, Cowp. 803; Doe v. Jones, 5 Exch. 498; Davenport v. The Queen, L. R. 3 App. Cases, 115.

In Pennsylvania, the receipt of rent is regarded as a distinct and unequivocal admission that the relation of landlord and tenant still exists, and, therefore, is necessarily a waiver of any forfeiture of the lease which might previously have accrued: Newman v. Rutter, 8 Watts, 51; Elliott v. Curry, 1 Phila. 281; Hughes v. Moody, 10 Pa. C. C. Rep. 305; Willis v. Gas Co., 130 Pa. 222.

*William A. Robinson,* with him *Jacob Snare,* for appellee.— The very fact of applying for permission to sublet is entirely inconsistent with the existence of an agreement such as the defendants attempt to set up as a defense.

Parol evidence to vary the terms of a written instrument on

the ground of fraud, accident or mistake, or a contemporaneous oral contract inducing the execution of the writing, is admissible only in case it is clear, precise and indubitable, and such as would move a chancellor to decree a reformation of the instrument: Spencer v. Colt, 89 Pa. 314; Stull v. Thompson, 154 Pa. 43; Hall v. Phillips, 164 Pa. 494.

OPINION BY RICE, P. J., March 14, 1904:

An amicable action of ejectment and a confession of judgment therein were entered pursuant to a clause in a lease from the plaintiff to the defendants authorizing the lessor, at its option, to forthwith terminate the lease and take these proceedings, if the lessees should fail to comply with any of the covenants, terms or conditions thereof. The particular covenant alleged to have been violated was, that the lessees should not underlet the premises, or any part thereof, without the written consent of the lessor indorsed on the lease. The case is before us on the defendants' appeal from an order discharging a rule to show cause why the judgment should not be opened and they let into a defense.

Two reasons are urged against the asserted right of the plaintiff to terminate the lease: first, because there was a parol agreement of the parties, contemporaneous therewith, that the defendants should have the unrestricted right to sublet, notwithstanding the written covenant against it, upon the faith of which agreement they were induced to execute the lease, and to expend money to fit the building for subletting; second, because, even in the absence of such contemporaneous parol agreement, the acts of the plaintiff amounted to a waiver of the condition against subletting.

The plaintiff filed an answer unequivocally denying the allegations of defendants' petition as to the contemporaneous parol agreement. The only persons who testified as to the occurrences at the execution of the lease were Mr. Trotter, who represented the plaintiff, and Mr. Kohn, one of the defendants. The latter testified: "Before I signed the lease I saw it was the same style lease as I had for 19 South Eighth street, that I should not sublet; so I told Mr. Trotter 'You know I want to sublet a few floors up there and I want you to mark on the lease that I have the right to do it.' He said 'That is not nec-

essary; you know that we don't bother anybody whether they sublet the place or not; you know us long enough.'" We now quote from the direct testimony of Mr. Trotter: " Q. Can you remember what conversation took place at the time the lease was signed, relative to the paper attached to the lease? A. No, I can't tell just what was said. Q. Was Mr. Kohn to sublet this portion of the building or any other portion? A. He asked permission to sublet a portion of the third floor. There was no misunderstanding. I attached the paper to the lease." The paper here referred to was addressed to the defendants and signed by the plaintiff's representatives, and reads as follows: " Gentlemen: Permission is hereby given you to sublet a portion of third story for the manufacture of neckwear." Upon cross-examination the witness testified as follows: " Q. At the time this lease was executed was there any conversation with Mr. Kohn about subletting the property? A. There was some talk about it. Q. And Mr. Kohn was given permission to sublet? A. He was given permission to sublet a portion of the third floor, but no other portion, for the manufacture of neckwear." True, this witness did not say, in so many words, that he denied what the defendant had testified to, but he gave a version of the conversation which was wholly inconsistent with that given by the defendant; and he is corroborated by the paper attached to the lease at the time. Any argument based on the assumption that the plaintiff's representative admitted on the witness stand, or did not deny, that the defendants' version of the conversation as to subletting was correct is based on erroneous premises. The language testified to by the defendant is vague and indefinite. It is susceptible of more than one construction, and scarcely meets the requirement of the rule that one who seeks the aid of a court of equity to reform a deed must be able to show exactly and precisely the form to which the deed ought to be brought: Bispham's Equity, sec. 469. But granting, for the sake of the argument, that the language testified to imports unqualified permission to the lessees to sublet the premises whenever, to whomsoever and for whatsoever purpose they might please, and a promise on the part of the lessee that the covenant against subletting would not be enforced, but would be treated as if it had not been made, it must be conceded also, that this allegation was in dispute, not only

under the pleadings, but under the evidence as well. How, then, does the case stand? It must not be confounded with those in which some material provision of the contract was omitted from or inserted in the writing through fraud, accident or mistake; nor with those in which the contract was induced by fraudulent misrepresentation of facts going to the consideration; nor with those in which the instrument was obtained for one purpose and was attempted to be used for another contrary to a contemporaneous parol stipulation; nor yet with those in which the oral agreement relied on related to an independent and collateral matter, or to something not specified in terms in the writing. The case belongs to none of these classes. It is to be observed further, that the defendants do not set up a mere collateral promise of the lessor to grant permission to sublet whenever such permission should be asked, but an agreement nullifying the written covenant upon the subject, and entitling the defendants to deal with the premises precisely as if there were no such covenant. To adopt the vigorous language of Judge Thayer, whose opinion was approved by the Supreme Court, "the effort is, as it was in Eberle v. Bonafon's Executors," (17 W. N. C. 335; 1 Sadler's Penna. Cases, 409) "not only to strike out by parol a solemn covenant in a written and sealed instrument, but to write in its place another agreement flatly contradictory of it:" Wodock v. Robinson, 148 Pa. 503. If the case before us turned upon the question of the admissibility of an offer to prove just what is contained in the above-quoted testimony of the defendant, I am not prepared to admit, speaking for myself, that a negative answer might not be given to the question, and be well supported by the doctrine of Wodock v. Robinson and the cases there cited, as well as others, amongst which may be mentioned: Stull v. Thompson, 154 Pa. 43; Irvin v. Irvin, 142 Pa. 271; Union Storage Co. v. Speck, 194 Pa. 126; Streator v. Paxton, 201 Pa. 135; Wolf v. Rosenbach, 2 Pa. Superior Ct. 587; Butler v. Keller, 19 Pa. Superior Ct. 472. But we need not decide that question. The defense must fail, even though it be conceded that the testimony was admissible, and that the words testified to import what is claimed for them by the defendants. "There is no doubt," said Justice Dean in a recent case, "that there is much apparent and some real conflict in

the numerous cases involving the question, as to when parol testimony is admissible in contradiction of written instruments. Since the legislation, however, allowing the parties to such instruments to testify in their own behalf, we have endeavored to save whatever is left of the rule 'that parol evidence is inadmissible to vary or contradict written instruments' by somewhat more rigid rulings tending to exclude parol evidence:" Fuller v. Law, 207 Pa. 101.   Amongst these is the familiar rule that to set aside or vary a written instrument by parol evidence of what occurred at the time of its execution there must be two witnesses or one witness and corroborating circumstances.   In what may be justly regarded as a leading case upon the subject, where the defense of a parol variation of the note sued upon was set up, the court said: "The defense set up, if it amounts to anything, must be sufficient to reform the note, and the evidence must be strong enough to justify a chancellor in doing so.   It is only where a chancellor would reform the instrument that parol evidence is admissible to contradict it. It is true, under our practice in Pennsylvania, it is accomplished through common-law forms.   But the fact remains that the defense set up is purely equitable, and the judge ought not to submit the case to the jury unless the evidence is such that he would feel himself bound as a chancellor to reform the instrument:" Phillips v. Meily, 106 Pa. 536.   There is no class of cases in which this rule should be more rigidly adhered to than those in which the attempt is made to set aside a covenant, deliberately inserted in a deed, by parol evidence of a contemporaneous agreement that it was to bind no one.   Here we have, on one side, the testimony of an interested party to a conversation between him and the other party from which we are asked to infer such an agreement.   No other witness corroborates him as to that conversation, and the circumstances to which he testifies, so far as they are undisputed, are not inconsistent with the fact that the covenant was in force.   Indeed, he himself admits that on two occasions when he desired to sublet portions of the premises he applied to the lessor's representative for permission.   On the other hand, we have: first, the writing itself, which, in the absence of clear proof of fraud, accident or mistake, the law declares to be the best evidence of the agreement of the parties; second, the testimony of the

plaintiff's representative giving an entirely different version of the conversation that took place at the execution of the lease in reference to subletting; third, the very strongly corroborative circumstance that as the result of this conversation the plaintiff's representative attached to the lease a slip on which was the written permission, as required by the covenant, " to sublet a portion of the third story for the manufacture of neckwear." We need not prolong the discussion further. The learned court below held that the defendants' contention that there was a contemporaneous parol agreement which had the effect of nullifying the covenant in question, and which gave them the right, notwithstanding that covenant, to sublet, without the lessor's consent, to whom and for what purpose they pleased, was not sustained by the kind and quantity of proof which would justify a chancellor in reforming the instrument. We fully concur in that conclusion. No decree striking out that covenant could be sustained upon evidence that leaves the essential facts in such grave doubt.

We come then to the question of waiver. The evidence shows three sublettings. We need not notice the first, for as to that there was written permission as required by the lease. The second was of the fifth floor to the same subtenant in January, 1903. As to this there is some evidence of knowledge and acquiescence on the part of the lessor and subsequent acceptance of rent. The third was a subletting of the second floor, which went into effect on April 1, 1904, the day before this judgment was entered. The defendant admitted in his testimony that he did not notify the plaintiff of this subletting because he did not think it was necessary; and we find no evidence of any act on the plaintiff's part—as, for example, the acceptance of subsequently accruing rent with knowledge of the subletting—from which a waiver of its right to enforce a forfeiture for this breach of the covenant can be implied.

By the terms of the lease a re-entry for breach of this covenant was optional with the plaintiff, and unquestionably a lessor may waive any right which he may have to elect to enforce a forfeiture. But a condition against underletting, though held by some authorities not to be strictly continuous, is not a single condition, since it is susceptible of more than one breach during the term; hence a lessor, who has a right of re-

entry in the breach of a covenant not to underlet, does not, by waiving his right on one underletting, lose his right to re-enter on a subsequent underletting : Doe dem. Boscawen v. Bliss, 4 Taunt. 735 ; Taylor's Landlord and Tenant (6th ed.), secs. 412, 501 ; Jackson and Gross on Landlord and Tenant, sec. 358, p. 217 ; 18 Am. & Eng. Ency. of Law (2d ed.), 384. The evidence discloses nothing which would take this case out of the general rule above stated.  So, also, it has been held, that a consent by a lessor that a third party may occupy the leased premises for a specified business under the lessee, who is to be responsible for the rent, is a restrictive waiver of conditions not to sublet or carry on any other than the kind of business to which the lessee is restricted by the lease, and applies only to such third persons and to his specified business : Wertheimer v. Hosmer Wayne Circuit Judge, 83 Mich. 56 (47 N. W. Repr. 47).  Whether the second subletting be regarded as within this principle, or as being a breach of the covenant which was waived by the subsequent acceptance of rent, the result is the same.  This did not amount to a waiver of the condition against subletting, as the appellants' counsel argue, but only of that breach.  The condition remained ; and the defendants were not justified in assuming that a subsequent breach by subletting another part of the premises to another subtenant, no matter who he might be, would be waived.

The order is affirmed, the costs of the appeal to be paid by the appellants.