## Stouffer *v.* Kelchner, Appellant.

*Bills of exchange—Negotiable paper—Fraud—Prima facie case—Burden of proof.*

In a suit against an acceptor of bills of exchange, where the evidence shows that the acceptor signed his name on the notes knowing that they were some sort of an obligation for payment, and there is no evidence of fraud so as to impeach the title of an innocent holder for value before maturity, the offering of the bills with indorsements makes out a prima facie case, and the plaintiff is not required to show that he is an innocent holder for value before maturity.

Argued Dec. 19, 1908. Appeal, No. 122, Oct. T., 1908, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1905, No. 592, on verdict for plaintiff in case of J. C. Stouffer v. Charles E. Kelchner. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for bills of exchange. Before WILLSON, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $146.36. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*W. L. Sheppard* and *W. W. Porter,* of *Porter, Foulkrod & McCullagh,* with them *Edgar Barnes,* for appellant.

*Clifton Maloney,* for appellee.

OPINION BY MORRISON, J., February 26, 1909:

This action of assumpsit is upon two bills of exchange, by the indorsee against the acceptor. The bills were drawn by the Puritan Manufacturing Company to its own order, and on November 7, 1904, accepted across the face thereof as follows: "Accepted, Charles E. Kelchner." On December 30, 1904, both of said bills were indorsed to J. C. Stouffer or order by the Puritain Manufacturing Company and delivered to the indorsee. Neither of the bills were due at that time. The transaction in the present case is so similar to that between the same company and Christopher Koch, in which we have this day filed an opinion in Johnson County Savings Bank v. Koch, post, p. 553, that it will not be necessary for us to discuss the present case at length. The two cases on their facts are ruled by the same legal principles.

A striking fact in the present case is that the appellant testified at the trial that he knew he was signing what looked to him like notes. It is true he says that he was told "we simply use them as acceptances of the goods and we file away in pigeonholes, and when your first payment becomes due we notify you." But this is of little consequence, except in showing that the appellant knew he was signing obligations for payment. What he here avers would not be sufficient in an affidavit of defense, to prevent summary judgment: Clarke v. Allen, 132 Pa. 40.

We find nothing in the evidence, admitted or offered, showing that his signatures to the bills were obtained by any such trick, artifice or fraud as to impeach the title of an innocent holder of the bills for value before maturity and without notice. The appellee made a prima facie case by offering the bills and the indorsements. It is contended, however, that this did not relieve him from the necessity of showing that he was an innocent holder for value, etc. We do not so understand the law. We assume that under the rules of practice in the court below the papers put in evidence made a sufficient prima facie case for the appellee, and, therefore, cast the burden on the appellant of showing that he was not liable to pay his written acceptances to an innocent holder.

In our opinion, all of the evidence admitted and such offers

as were made and rejected did not present a ·valid defense in the present case. And, therefore, the learned court did not err in directing a verdict for the plaintiff.

The assignments of error do not call for any special discussion, and they are all dismissed and the judgment is affirmed.