# Forcite Powder Company to use, Appellant, *v.* Howley.

*Promissory notes—Evidence—Parol evidence—Payment out of particular fund.*

In an action upon a promissory note, the defendant may show by parol evidence that it was the distinct understanding of the parties at the time the note was executed, that it should be payable only out of a particular fund, and that this fund had not come into existence. Where the defendant testifies to such an understanding, and he is corroborated by a second witness, and the evidence is clear, precise and indubitable, he is entitled to have his defense submitted to the jury, and he is not deprived of such right by an expression in one of his own letters offered in evidence, contradictory of his parol testimony.

Argued April 29, 1909. Appeal, No. 179, April T., 1909, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. Term, 1904, No. 284, on verdict for plaintiff in case of Forcite Powder Company to use of Eastern Dynamite Company v. W. E. Howley. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.

The note was as follows:

"$292.83                              ,            April 18th, 1904.

"Sixty days after date I promise to pay to the order of Forcite Powder Company, Two hundred ninety-two 83–100 Dollars at German National Bank.

"Without defalcation for value received.

"No...... Due 6–17–04.

"W. E. HOWLEY."

The defense set up is stated in the opinion of the Superior Court.

The court charged in part as follows:

In connection with the testimony of Mr. O'Donnell, you have a right to consider this letter and give it such weight as

you deem proper in determining the credence to be given to the testimony of Mr. Howley.] [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in refusing binding instructions for plaintiff, and (2) portion of charge as above, quoting it.

*Alvin A. Morris,* with him *William A. Way* and *Albert J. Walker,* for appellant.

*C. A. O'Brien,* of *O'Brien & Ashley,* for appellee.

OPINION BY HEAD, J., July 14, 1909:

This action is founded upon a promissory note, the execution of which is not denied. By the production of the note, therefore, and its admission in evidence, the prima facie case of the plaintiff was complete. By way of defense the defendant offered testimony by himself and his witness, from which, if credible, the jury would be warranted in finding the following facts: One O'Donnell had been awarded a contract for building a short branch line of railroad for a railroad company. After he had done a considerable portion of the work he became financially unable to complete it and was forced to abandon his contract. The railroad company arranged with the present defendant to have him take up and complete the unfinished work. At the time he quit, O'Donnell was indebted to various persons, among others to this plaintiff in the amount of the note in suit. Under the terms of his contract, the railroad company withheld from each estimate a certain percentage, and this money, although earned by O'Donnell, was not due and payable to him until the completion of the work. When the defendant took over the contract his understanding was that the amount still owing to O'Donnell by the company would be sufficient, when paid, to liquidate the outstanding debts of the former with the exception of labor claims.

With matters in this condition, a representative of the plaintiff and O'Donnell came to Howley, the defendant, and desired him to so arrange that upon the completion of the work, when

the money earned by O'Donnell as well as by himself would be paid over, the claim of the plaintiff should be paid. To this the defendant assented. In order to close the matter up he was requested to sign the note in suit, and this he agreed to do only upon the express understanding that the note should be payable out of the fund earned by O'Donnell, which he, Howley, would receive on the completion of the work, and that payment of it should not be demanded before that time. He distinctly declares that it was because of this agreement he undertook to sign the note and thus pledge himself to pay a debt which he had not contracted. He finally stated that the railroad company had never yet paid, not only the money earned by O'Donnell, but a much larger amount earned by himself; that he had been compelled to sue the company and had recovered a judgment of $15,000 against it; that its affairs were tied up by litigation in the state of West Virginia; and although he expected to receive what was due him, or a considerable portion of it, it had not yet in fact been paid.

To every one of the facts thus stated the defendant himself distinctly testifies, and in every one of them he is clearly corroborated by the testimony of O'Donnell. The third party to the arrangement, to wit: the representative of the plaintiff, was not called as a witness to contradict this testimony, nor did the plaintiff show any inability on its part to produce him. Under these conditions, was the learned court below justified in sending the case to the jury? If he was, it is conceded that the charge in which the case was submitted was free from error.

The learned counsel for the appellant in his careful brief is forced to admit that under the law, as it now stands, there was testimony sufficient in quantity to warrant a submission of the case to the jury. We are earnestly urged to say, however, that because, under the cross-examination of the defendant, some testimony was elicited which the appellant construes to be contradictory of some of the facts testified to in chief, the evidence taken as a whole cannot be said to be of that clear, precise and indubitable character demanded by the law where a contemporaneous parol agreement is set up to affect or reform a written instrument.

Especial weight is placed upon a letter written by the defendant—and this was the sole testimony in rebuttal—which it is alleged contains an admission that the indebtedness evidenced by the note was only in part that of O'Donnell, the remainder being that of the defendant himself. This letter, along with certain expressions taken from the witnesses' testimony, is said to show such contradictions in that testimony as to rob it of the character it must necessarily have in such cases. To this we cannot assent. The letter, as explained by the defendant's testimony, is susceptible of a construction different from that put upon it by the appellant. But even construing it as the appellant does, it amounted to nothing more than a contradictory witness, and it is quite certain that the mere fact that the testimony, otherwise sufficient to carry the case to a jury, is contradicted, does not take away a party's right to have it so submitted.

Had a bill in equity been filed by the defendant to reform this note so as to make its terms agree with the parol agreement testified to, and had the chancellor, hearing such bill, sent to a jury for trial the question of fact whether or not such parol agreement had been made, we know of no authority that would have warranted him in setting aside a verdict, resting on the testimony offered in this case, answering such question in the affirmative.

We are of opinion, therefore, that the learned trial court was right in sending the case to the jury under proper instructions. Many authorities could be cited to support this conclusion, but it seems to us that the principles stated have been so often and so clearly recognized that a citation of the cases is unnecessary. The assignments of error are dismissed.

Judgment affirmed.