# Second National Bank of Reading *v.* Yeager, Appellant.

*Promissory notes—Affidavit of defense — Indefiniteness — Payment out of certain funds—Contemporaneous parol agreement—Evidence.*

1. In an action on a promissory note, defense may be made by averring a contemporaneous parol agreement providing for payment of the note from a certain fund, or the raising of such fund for payment by means over which the promisor had control.

2. An affidavit of defense setting up such agreement is insufficient which does not aver that any such fund existed, or that any of the parties had control of the means whereby the fund might be raised.

3. Such a case is not a modification by parol. The agreement does more than vary the written instrument, it destroys it.

4. An averment that defendant was not to be liable in any event except for one-fourth of the deficiency in the fund, is indefinite in substance, and cannot be considered.

Argued May 11, 1920. Appeal, No. 133, Jan. T., 1920, by defendant, from order of C. P. Mifflin Co., May T., 1919, No. 155, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Second National Bank of Reading v. William J. Yeager. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit on promissory note. Before BAILEY, P. J.

The opinion of the Supreme Court states the material averments of the affidavit of defense.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was order of court, quoting it.

*T. M. B. Hicks,* with him *William W. Uttley,* for appellant.

*L. J. Durbin,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 26, 1920:

This is an appeal from a summary judgment for want of a sufficient affidavit of defense. Plaintiff sued on a note signed by appellant and two other defendants. The affidavit does not deny its execution, but defendant, Yeager, avers an oral understanding whereby he was not to be liable unless Ahrens, a joint maker, was unable to repay plaintiff the sum of $15,000, loaned to the Delta Electric Power Company; in default of such payment, appellant was not to be liable until the Power Company had built a new dam then in contemplation and had made and floated a bond issue of $125,000,—from the proceeds of which issue the note was to be first paid.

Until these things occurred, it was to be carried by the bank, and in no event was appellant to be called upon to pay more than one-fourth of the amount of the note. Defendant claims there is provided a definite means for payment of the note within a reasonable time. This defense is untenable.

In an action on a promissory note, defense may be made of an oral contemporaneous parol agreement providing for payment of the note from a certain fund, or the raising of such fund for payment by means over which the promisor had control; in such case, the source of payment must be first exhausted before recourse can be had upon the note: Gandy v. Weckerly, 220 Pa. 285, 287; Keller v. Cohen, 217 Pa. 522, 526; and see Greenawalt v. Kohne, 85 Pa. 369, 375; Keough v. Leslie, 92 Pa. 424, 427; Cake v. Pottsville Bank, 116 Pa. 264, 270; Keller v. Cohen, 224 Pa. 434, 437; Alexander v. Righter, 240 Pa. 22, 26; Forcite Powder Co. v. Howley, 40 Pa. Superior Ct. 412, 415. Assuming that the averments were otherwise sufficient, the affidavit does not aver any such fund existed, or that any of the persons had control of the means whereby the funds might be raised. It is admitted Ahrens was president of the Delta Company; this would not empower him to compel the execution of the agreement; and it does not otherwise appear how he could compel the corporation to build the dam or float the bonded indebtedness. As the learned judge of the court observes, before this defendant "could be liable, there must be a total liquidation of all the assets of this third party, the Delta Electric Company, completely beyond the control of these parties." Under the affidavit, defendant was not to be bound, under any circumstances, for payment of the note, as there is no limit to the time within which the things stated in the affidavit are to be performed, and no one to compel performance.

This is not a case of modification by parol. The agreement does more than vary the written instrument, it

destroys it: Clarke v. Allen, 132 Pa. 40, 42; Irvin v. Irvin, 142 Pa. 271, 286; Ziegler v. McFarland, 147 Pa. 607, 610; Plunkett v. Roehm, 12 Pa. Superior Ct. 83, 86; Butler v. Keller, 19 Pa. Superior Ct. 472, 475. The statement that defendant was not to be liable in any event, except for one-fourth, is indefinite in substance and cannot be considered. The affidavit is not sufficient to bar the summary judgment.

The judgment of the court below is affirmed.